# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 5, 2014

Lyle W. Cayce
Clerk

No. 12-41348
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWIN ANTONIO VASQUEZ-ALVARADO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-478-1

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Edwin Antonio Vasquez-Alvarado appeals the sentence imposed following his guilty plea conviction for being found unlawfully in the United States after deportation in violation of 8 U.S.C. § 1326. He contends that the district court plainly erred when it enhanced his sentence based on a finding that his prior New York convictions for criminal sale of a controlled substance in the third degree qualified as drug trafficking offenses for purposes of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41348

U.S.S.G. § 2L1.2(b)(1)(A)(i).   Specifically, Vasquez-Alvarado argues that the New York statute under which he was convicted is broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 because it criminalizes the sale of substances that are not listed as controlled substances under federal law.   Because the state court documents were insufficient to narrow his convictions to qualifying drug trafficking offenses, he argues that the district court's application of the § 2L1.2(b)(1)(A)(i) enhancement was a clear and obvious error.

Vasquez-Alvarado did not object to the § 2L1.2(b)(1)(A)(i) enhancement on the specific grounds raised in the instant appeal.   Our review therefore is for plain error. *See United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). To show plain error, Vasquez-Alvarado must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).   If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The state court documents provide that on August 2, 2000, Vasquez-Alvarado was convicted of two counts of criminal sale of a controlled substance in the third degree in violation of N.Y. PENAL LAW § 220.39.   The Government contends that at the time of Vasquez-Alvarado's convictions, the 23 substances identified in his opening brief were covered by the Controlled Substances Act (CSA), 21 U.S.C. § 801, *et seq.*   Vasquez-Alvarado concedes in his reply brief that the Government is correct.   He has therefore failed to demonstrate that § 220.39 is broader than the drug trafficking offense definition set forth in the commentary to § 2L1.2 or that the district court committed a clear or obvious error when it enhanced his sentence pursuant to § 2L1.2(b)(1)(A)(i). *See*

No. 12-41348

*Puckett*, 556 U.S. at 135.    Accordingly, the district court's judgment is AFFIRMED.